UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF VERMONT

In re:                                                    )
**VERMONT MACHINE TOOL CORPORATION,**    )    CASE NO. 15-10297 CAB
Debtor                                                    )    CHAPTER 7
                                                          )

## EMERGENCY MOTION FOR RELIEF FROM THE STAY

NOW COMES Mascoma Savings Bank, FSB (the Bank), by and through its attorneys and hereby moves, pursuant to 11 U.S. C. § 362 (d)(2), for an order terminating the automatic stay as to the real estate and Business Personal Property constituting the Banks collateral for various commercial Loans. In support of this motion the Bank shall rely on the memorandum of law set forth below and the affidavit of Terry W. Martin. The Bank also requests that this matter be set for hearing on July 8, 2015 in Burlington, the next available hearing date. Any delay will jeopardize the banks' ability to realize the negotiated price for a portion of the debtor's collateral.

### MEMORANDUM OF LAW

Preliminary Statement

1. The debtor filed this petition on Thursday afternoon June 18, 2015 on the eve of the banks' secured creditor sale of certain of the Debtor Business Personal Property which was scheduled to close on Friday, June 19, 2015. The debtors' president Craig Barrett, who is also a guarantor of the Debtor's obligation to the Bank, was notified of the sale twice. The loans to the bank had been in default for more than a year and Mr. Barrett had tried repeatedly to sell the business or its assets over the last year. The Debtor owes the bank in excess of $1,900,000.00 and the collateral is worth significantly less than the debt. There is no equity for any unsecured creditors, nor is there any competing offer on the business personal property. Any

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.                                             1
P.O. Box 280
RUTLAND, VT
05702-0280

offer would have to be significantly greater than the present agreement to realize any equity and notwithstanding Mr. Barrett's unsubstantiated hopes, such an offer is not available or realistically foreseeable.

### The Debt

2. The total that the Debtor owed the Bank as of the petition date is $1,936,727.02 (Exhibit 1).
3. The amounts owed the bank are evidenced and secured as follows:
    a. Promissory note dated September 11, 2009 in the original principal amount of $900,000.00. (Exhibit 2), secured by a mortgage of even date which was duly recorded in the Springfield Land Records at Book 453, Page 62. This Note is also secured by a Commercial Security Agreement date September 11, 2009. (Exhibit 4), which secured

    > **ALL FIXTURES EQUIPMENT AND APPLIANCES ASSOCIATED WITH THE REAL ESTATE LOCATED AT 65 PEAR STREET, SPRINGFIELD VT AND AS DESCRIBED IN THE ATTACHED SCHEDULE "A".**
    >
    > **ALL BUSINESS ASSETS INCLUDING BUT NOT LIMITED TO ALL INVENTORY, CHATTEL PAPER, ACCOUNTS, EQUIPMENT, GENERAL INTANGIBLES AND FIXTURES; WHETHER ANY OF THE FOREGOING IS OWNED NOW OR ACQUIRED LATER; ALL ACCESSIONS, ADDITIONS, REPLACEMENTS, AND SUBSTITUTIONS RELATING TO ANY OF THE FOREGOING; ALL RECORDS OF ANY KIND RELATING TO ANY OF THE FOREGOING, (INCLUDING INSURANCE, GENERAL INTANGIBLES AND ACCOUNTS PROCEEDS) (EMPHASIS IN ORIGINAL)**

    b. Promissory note dated September 11, 2009 in the original principal amount of $312,000.00. (Exhibit 5), secured by a mortgage of even date which was duly recorded in the Springfield Land Records at Book 453, Page 62. This Note is

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

2

also secured by a Commercial Security Agreement date September 11, 2009. (Exhibit 4).

c. Promissory note dated September 11, 2009 in the original principal amount of $700,000.00. (Exhibit 6), secured by a mortgage of even date which was duly recorded in the Springfield Land Records at Book 453, Page 62. This Note is also secured by a Commercial Security Agreement date September 11, 2009. (Exhibit 4)

d. Promissory note dated November 18, 2009 in the original principal amount of $1,000,000.00. (Exhibit 7). This Note is also secured by a Commercial Security Agreement date September 11, 2009. (Exhibit 8), which secured

> **ALL BUSINESS ASSETS INCLUDING BUT NOT LIMITED TO ALL INVENTORY, CHATTEL PAPER, ACCOUNTS, EQUIPMENT, GENERAL INTANGIBLES AND FIXTURES; WHETHER ANY OF THE FOREGOING IS OWNED NOW OR ACQUIRED LATER; ALL ACCESSIONS, ADDITIONS, REPLACEMENTS, AND SUBSTITUTIONS RELATING TO ANY OF THE FOREGOING; ALL RECORDS OF ANY KIND RELATING TO ANY OF THE FOREGOING, (INCLUDING INSURANCE, GENERAL INTANGIBLES AND ACCOUNTS PROCEEDS) (EMPHASIS IN ORIGINAL)**

e. Security Agreement (Exhibit 8, Emphasis in Original). There are two draws on this CAP Line of Credit that remains outstanding. As set forth on Exhibit 1, the total presently due on this indebtedness as of June 19, 2015 is $111,659.70.

f. There is also an overdraft against the Debtor account in the amount of $1096.07.

4. The total due to the Bank as of June 19, 2015 is $1,936,727.02.

The Bank's Collateral

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

3

5. As set forth in the Security Agreements (Exhibits 4 and 8) and the Mortgage the bank has a daily perfected security interest in the real estate owned by the Debtor and located at 65 Pearl Street, Springfield VT (the Real Estate).

6. Additionally the bank has a security interest in:

> **ALL FIXTURES EQUIPMENT AND APPLIANCES ASSOCIATED WITH THE REAL ESTATE LOCATED AT 65 PEAR STREET, SPRINGFIELD VT AND AS DESCRIBED IN THE ATTACHED SCHEDULE "A".**
>
> **ALL BUSINESS ASSETS INCLUDING BUT NOT LIMITED TO ALL INVENTORY, CHATTEL PAPER, ACCOUNTS, EQUIPMENT, GENERAL INTANGIBLES AND FIXTURES; WHETHER ANY OF THE FOREGOING IS OWNED NOW OR ACQUIRED LATER; ALL ACCESSIONS, ADDITIONS, REPLACEMENTS, AND SUBSTITUTIONS RELATING TO ANY OF THE FOREGOING; ALL RECORDS OF ANY KIND RELATING TO ANY OF THE FOREGOING, (INCLUDING INSURANCE, GENERAL INTANGIBLES AND ACCOUNTS PROCEEDS) (EXHIBITS 4 AND 8, EMPHASIS IN ORIGINAL)**

7. The Bank's security interest was perfected by filing a UCC-1 Financing Statement and Amendments with the Vermont Secretary of State Office on various dates. See attached Exhibit 9.

8. The Real Estate was appraised at $235,000.00 as of March 2014.

9. The Business Personal Property was appraised in March 2014 as having a Fair Market Value of $407,325.00 and a liquidation value of $226,855.00.

10. The debtor has been actively attempting to sell the business for over one year. Those efforts have proven fruitless.

### Default

11. On or about January 5, 2015 the Bank issued and mailed to the Debtor a "Notice of Default and Demand for Payment in Full." A true copy of that notice is attached hereto and designated Exhibit 10. The notice was received by the Debtor on January 12, 2015. The default has not been cured.

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. Box 280
RUTLAND, VT
05702-0280

4

12. On or about April 10, 2015 Mr. Barrett delivered the keys to the Debtor's property to the Bank and informed the Bank that the Debtors' business was closed.

13. On May 4, 2015 (Exhibit 11) and then again June 4, 2015 (Exhibit 12) the Bank issued and served by mail Notices of Disposition of Collateral, listing certain of the Debtors business personal property that was to be sold at a private sale on or after June 19, 2015.

14. The notices were sent to the Debtor and Mr. Barrett by Certified Mail Return Receipt Requested and regular mail and were received on or about June 6, 2015 (Exhibit 13).

15. Thereafter the Bank contacted an entity that had been in negotiations with Mr. Barrett for acquisition of certain of the Debtors assets. Those assets are listed on the attached Exhibit 14, and include debtors' trademarks, patents and copyrights. That prospective purchaser never discussed or offered, either in negotiations with Debtor or the Bank, any price for the collateral that would have paid all amounts due the Bank, and while the price the bank has negotiated with the prospective purchaser is less than the amount that was discussed with the debtor, it is a cash price (the debtor was discussing a price to be paid in three installments over two years) and is the best price available. If this deal is delayed there is no guarantee that the prospective purchaser will proceed with the acquisition of the Bank's collateral at the presently negotiated price.

## Conclusion

16. The Debtor has no equity in the Bank's collateral. This is a Chapter 7 Case filed on the eve of a duly noticed secured creditor sale of a portion of the Bank's collateral.

17. There is nothing to be gained in this Chapter 7. It was filed to delay the Bank's disposition of the collateral and that delay will seriously jeopardize the amount that the bank will be able to realize from that collateral.

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. Box 280
RUTLAND, VT
05702-0280

5

18. The Bank is entitled to relief from the stay and any delay will jeopardize the likelihood that the Bank will be able to close on the deal it had negotiated with the prospective purchase.

DATED at Rutland, Vermont this 25th day of June, 2015.

MASCOMA SAVINGS BANK, FSB
By its counsel,

By: _____

John J. Kennelly, Esq.
Pratt Vreeland Kennelly Martin & White, Ltd.
P.O. Box 280
Rutland, Vermont 05702
Attorneys for Plaintiff
kennelly@vermontcounsel.com

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

6